IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **JOSHUA DUNCAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO. _____ |
| | ) |
| **MECHCO GROUP, LLC** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Plaintiff, Joshua Duncan, and files this Complaint against Defendants Mechco Group, LLC and, in support thereof, shows as follows:

### INTRODUCTION

1. Plaintiff worked for Defendant Mechco Group, LLC ("Mechco") for four years beginning in May, 2019 as a laborer, up until he started working as a foreman/laborer with no supervisory authority who primarily performed labor and was still paid by the hour in 2020. At no time was the Plaintiff an exempt employee from the FLSA's overtime pay requirement before the end of his employment in September of 2022. Defendant expected and required Plaintiff to work more hours than forty (40) hours in a given workweek and paid him varying straight time hourly rates, and not time and a half, for all hours worked.

## JURISDICTION AND VENUE

2. This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) ("FLSA").

3. Defendant is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

4. Defendant employed the Plaintiff and other similarly-situated employees within the meaning of the FLSA, is engaged in interstate commerce, and has an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

5. Defendant directly and by and through its duly-authorized agents, participated in payroll decisions involving the Plaintiff and others similarly-situated, and intentionally, knowingly, and willfully failed to compensate the Plaintiff and others similarly-situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

6. This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.

7. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

## PARTIES

8. Joshua Duncan is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Lauderdale County, Alabama, and a citizen of the United States of America.

9. Plaintiff brings this action to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and other relief under the provisions of the FLSA.

10. Defendant Mechco Group, LLC, LLC is a domestic limited liability company formed in Lauderdale County, Alabama and was, at all times relevant hereto, doing business in Alabama.

11. Defendant employed Plaintiff within the meaning of the FLSA, are engaged in interstate commerce, and have an annual gross volume of sales meeting or exceeding the jurisdictional requirements of the FLSA.

12. Defendant directly, and by and through its duly-authorized agents, participated in, and continue to participate in, payroll decisions involving the Plaintiff and others similarly-situated, and intentionally, knowingly, and willfully failed and continue to fail to compensate Plaintiffs and others similarly-situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

## FACTUAL AVERMENTS

13. Plaintiff began working for Mechco in 2019 as a laborer on various construction projects. He was employed by Defendant from May 2019 through September 2022.

14. Defendant and Plaintiff regularly engage in interstate commerce throughout Plaintiff's employment.

15. Plaintiff performed and/or perform duties for Defendant and was and is subject to the provisions of the FLSA regarding the payment of overtime compensation and minimum wages.

16. Plaintiff has all of his paycheck stubs, and the stubs clearly show that he was paid varying hourly rates based on the jobs he did as a laborer for each workweek for the entire time he was employed at Mechco.

17. From May of 2019 through December of 2019, Plaintiff worked as a laborer, was not a managerial employee, and performed only tasks that are non-exempt under the FLSA.

18. When Plaintiff worked as a laborer, he regularly worked 12 to 14 hours a day at Defendant's facility and then worked from home.

19. Plaintiff's paycheck stubs show that, from May 2019 until December of 2019 when he was employed only as a laborer, he was paid different straight time hourly rates based on his work. He was paid one hourly rate for "travel hourly" and

varying other hourly rates for "field hourly," "office hourly," "field concrete mason hourly," "field laborer hourly" and "hourly shop."

20. From May of 2019 through December of 2019, the Plaintiff's paycheck stubs show he worked in excess of 40 hours for approximately 23 weeks during this time period and was not paid overtime at a proportional hourly rate as required by the applicable regulation, 29 C.F.R. § 778.115.

21. Beginning in January of 2020, Plaintiff, in addition to working as a laborer, was also doing work as a "Field Concrete Foreman Hourly." As a Field Concrete Foreman, the Plaintiff was not an exempt employee and was paid an hourly rate (not a salary) for that work.

22. From January of 2020 until May 10, 2020, Plaintiff's paycheck stubs show he was paid one hourly rate for doing the work of a "Field Concrete Foreman," and was paid other hourly rates for his time categorized as "Hourly Shop," "Hourly," and "Travel Hourly."

23. Although his paycheck stubs show the Plaintiff worked in excess of 40 hours for approximately 15 weeks from January 2020 through May 10, 2020, he was only paid straight time at one of his hourly rates, and was not paid overtime at a proportional hourly rate as required by the applicable regulation, 29 C.F.R. § 778.115

24. Beginning on May 11, 2020, through June 28, 2021, the Plaintiff was

paid different hourly rate categorized as "Travel Hourly," "Field Hourly," "Hourly," and "Hourly Shop," but was no longer paid any rate as a "Field Concrete Foreman Hourly."

25. From May 11, 2020, through June 28, 2021, the Plaintiff was not exempt and worked as a laborer. The Plaintiff worked over 40 hours per week for approximately 53 weeks during this time and was paid only straight time for hours worked over 40 at one of his hourly rates. He was not paid overtime at a proportional hourly rate as required by the applicable regulation, 29 C.F.R. § 778.115.

26. Beginning in June of 2021, the Plaintiff continued to work doing manual labor, and did non-exempt work in the office that is shown on his paycheck stubs as "Salary Office." At no time did the Plaintiff qualify for any exemption under the FLSA to its overtime provisions, including time he spent doing menial administrative duties in the office.

27. From June 28, 2021, through July 11, 2021, the Plaintiff worked 40 hours per week and received a set amount for both weeks.

28. Beginning July 12, 2021, through January 6, 2022, the Plaintiff continued to do manual labor, and on occasion spend some time during workweeks doing non-exempt work in the office. The Plaintiff's paycheck stubs show he was again paid varying hourly rates for "Travel Hourly," "Field Hourly," "Hourly," "Salary Office," "Hourly Shop," and "Office Hourly." During this time, he worked

more than 40 hours for approximately 14 weeks and was paid only straight time for hours worked over 40 at one of his hourly rates. He was not paid overtime at a proportional hourly rate as required by the applicable regulation, 29 C.F.R. § 778.115.

29. Beginning in January of 2022 and continuing through the date his employment ended in September of 2022, the Plaintiff paid a set salary regardless of the hours he worked, and his time is shown on his paycheck stubs as either "Salary Office" or "Salary Field."

30. From January of 2022 through September of 2022 the Plaintiff continued to do non-exempt and non-discretionary administrative work and had no supervisory authority.

31. From January of 2022 through September of 2022 the Plaintiff worked more than 40 hours for a total of 15 weeks but was still paid a salary and was not paid overtime compensation for any of the hours he worked.

32. The Plaintiff is aware that others were paid in the same manner as he was and did not receive overtime compensation as required by the FLSA.

33. Defendant is and was required by law to keep and retain possession of records showing the hours worked and wages paid to Plaintiff and others similarly-situated.

34. On three to four occasions during his employment the Plaintiff

complained to management that he was not being paid time and a half of his hourly rate for hours worked over 40 in a workweek. The Plaintiff was told it was his choice to work overtime so he would not be paid time and a half.

35. Defendant therefore was and is aware of the provisions of the FLSA requiring wages to be paid to Plaintiff but deliberately or in reckless disregard of the Act willfully failed to pay wages due and lawfully owed to the Plaintiff and others similarly-situated.

36. Defendant failed to act in good faith and had no reasonable grounds for believing that it was not violating the FLSA.

## COUNT I

## Violation of the Fair Labor Standards Act

37. Plaintiff realleges and incorporates by reference, paragraphs 1 through 36, as if fully stated herein.

38. By the actions and omissions described herein, Defendant violated FLSA and specifically 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff and as to individuals similarly situated.

WHEREFORE, Plaintiff prays that that this Court:

(a) Declare the conduct engaged in by the Defendant to be in violation of the Plaintiff's rights;

(b)   Award Plaintiff compensatory damages for unpaid wages, liquidated damages, interest, and costs under the provisions of the FLSA;

(c)   Award Plaintiff costs and attorneys' fees; and

(d)   Grant such further, other and different relief, including equitable as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by struck jury.

Submitted this the 14th day of December, 2022.

s/ Teri Ryder Mastando
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip (ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
*Attorneys for Plaintiffs*
301 Washington St., Suite 302
Huntsville, Alabama 35801
Phone:    (256) 532-2222
Fax:      (256) 513-7489
teri@mastandoartrip.com
artrip@mastandoartrip.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AT:**

Mecho Group, LLC
840 County Road 77
Rogersville, AL 35652